IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN DOE, A MINOR BY HIS NEXT   )
FRIEND, JAMES M. BOYD, *et al.*,      )
      Plaintiffs,               )
                             )
          v.               )        Civil Action No. 2:20CV408 (RCY)
                             )
ANTHEM HEALTH PLANS OF       )
VIRGINIA, INC.,                )
      Defendant.            )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 10). John Doe, a minor, by his next friend James M. Boyd, and James M. Boyd ("Plaintiffs") bring this action against Anthem Health Plans of Virginia, Inc. ("Anthem" or "Defendant") alleging breach of an insurance contract, negligent infliction of emotional distress, and insurer bad faith under Virginia Code § 38.2-209. Defendant removed this case to federal court, and Plaintiffs move to remand the action to Virginia Beach Circuit Court. The motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Motion to Remand will be GRANTED.

## I. BACKGROUND

The Court's jurisdiction over this action turns on whether a small business's health insurance plan, through which only the business owner, his spouse, and his dependents receives coverage, is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* John Doe, a minor, and his father, James Boyd ("Boyd"), filed suit in state court against their health insurer, Anthem, after Anthem declined to cover John Doe's inpatient mental health treatment

at Capstone Treatment Center ("Capstone") in Judsonia, Arkansas, in early 2020. (Compl., ECF No. 1-1 ¶¶ 18-24.) John Doe was covered as a dependent on Boyd's health insurance policy with Anthem. (*Id.* ¶ 8; Boyd Decl., ECF No. 11-1 ¶¶ 3-5, 7, 11.) On January 9, 2020, Anthem denied coverage for John Doe's treatment at Capstone, determining that inpatient treatment was "not medically necessary" and therefore not covered by the insurance policy. (Compl. ¶ 24.) Anthem denied Plaintiffs' subsequent appeal in May 2020. (*Id.* ¶¶ 25-26, 28.) John Doe completed his treatment at Capstone in April 2020, and after being referred to a halfway house, he "is presently living in a self sufficient manner, has a positive vision for his future and is looking forward to completing high school and continuing on to College." (*Id.* ¶ 27.)

Plaintiffs filed the instant Complaint in state court on July 6, 2020, seeking damages under Virginia law for breach of contract, negligent infliction of emotional distress, and insurer bad faith as a result of Anthem's denial of coverage. (*Id.* ¶¶ 29-47.) Within thirty days of Plaintiffs' filing, Anthem removed the action to this Court, claiming that Plaintiffs' insurance policy is covered by ERISA and therefore Plaintiffs' state law claims are pre-empted by ERISA, giving this Court federal question jurisdiction over the action. (Notice of Removal, ECF No. 1 ¶ 2.) All parties are domiciled in Virginia. (*Id.* ¶¶ 3-5.) Plaintiffs seek to remand the action to state court, pursuant to 28 U.S.C. § 1447(c), on the basis that ERISA does not apply, and therefore this Court does not have subject matter jurisdiction over the action. (Mem. Supp. Mot. to Remand, ECF No. 11 at 1.) The key question, then, is whether the Anthem policy is governed by ERISA.

**A. The Anthem Health Plan**

On January 23, 2018, James Boyd applied for group health insurance on behalf of his law firm, Boyd & Boyd, P.C., by submitting an "Employer Enrollment Application for 1-50 Employee Small Groups - Virginia" (the "Application") to Anthem Health Plans of Virginia, Inc. (Ex. E to Mem. Supp. Mot. to Remand, ECF No. 11-5.) On the Application, Boyd represented to Anthem that the

2

firm had three "eligible full-time employees," two of whom declined coverage. (*Id.* at 5.) In the Application, James Boyd checked a box that represented, "[w]e, the employer, as administrator of an Employee Welfare Benefit Plan under ERISA (Employee Retirement Income Security Act of 1974), apply to obtain the coverage indicated. . . . Anthem and/or HealthKeepers may rely on this application in deciding whether to provide coverage. . . . If this application is accepted, it becomes a part of our contract with Anthem and/or HealthKeepers." (*Id.*)  Following Boyd's request for coverage for the firm, and in reliance on the information provided, Anthem approved the Application and issued the plan documents for the Anthem Bronze PPO 6550/0%/6550 w/HAS Plan (the "Plan" or "Anthem Health Plan"). (*Id.*; Boyd Decl., ECF No. 11-1 ¶ 7.) Under the terms of the Application, coverage was to become effective March 1, 2018. (Ex. E to Mem. Supp. Mot. to Remand at 1.)

Plaintiffs allege, and Defendant does not contest, that since the Plan was established, James Boyd is the only person to have enrolled for coverage under the Plan as an insured subscriber. (Boyd Decl. ¶ 12.) Boyd's wife and two children, including John Doe, allegedly receive coverage as Boyd's spouse and dependents, respectively. (*Id.* ¶ 11.) At the time of the Application, the firm had two employees in addition to Boyd: paralegal Linda Peterson and Boyd's father, Robert. (*Id.* ¶¶ 3, 14.) The Application asserted that the firm had three "eligible full-time employees," but that two of those employees were "DECLINING" coverage. (Ex. E to Mem. Supp. Mot. to Remand at 5.) Boyd asserted that Peterson and Robert Boyd had health insurance coverage through independent means, and that neither was employed by the firm after April 7, 2018. (Boyd Decl. ¶ 14.) Boyd further asserts, and Anthem does not contest, that the firm has not had any other employees besides his wife, who "provides administrative and paralegal services" and receives coverage under the insurance policy as Boyd's spouse. (*Id.* ¶¶ 11-13; Mem. Law Opp'n, ECF No. 14 at 3.)

3

**B. John Doe's Coverage Request**

In late 2019, Plaintiff, John Doe, after a long battle with depression and suicidal thoughts, became so isolated and severely depressed that his parents sought inpatient mental health treatment for him.  (Compl. ¶ 16.)  John Doe was taken to Capstone in Judsonia, Arkansas, for residential treatment, one of only a few facilities with promising treatment options according to the Plaintiffs. (*Id.* ¶¶ 16, 18.)  Prior to John Doe's treatment at Capstone, Plaintiff James M. Boyd sought Anthem's preauthorization of John Doe's treatment and was told that preauthorization could not be handled until John Doe's admission.  (*Id.* ¶ 17.)  On December 31, 2019, John Doe traveled from Virginia to Capstone for admission and treatment.  (*Id.* ¶ 18.)  Due to the New Year's holiday, James Boyd filed for preauthorization of coverage from Anthem on January 2, 2020, which was denied on the basis that it was "not medically necessary." (*Id.* ¶¶ 20, 24.)  James Boyd pursued the appeals process for the denial, arguing that John Doe met the requirements for coverage. (*Id.* ¶¶ 25, 26.) Anthem made a final determination denying coverage on appeal by a letter dated May 21, 2020, which reiterated Anthem's conclusion that inpatient treatment was not medically necessary. (*Id.* ¶ 28.) Plaintiffs thereafter filed this lawsuit.

## II. MOTION TO REMAND

**A. Legal Standard**

A case filed in state court may be removed to federal court if the district court has subject matter jurisdiction based on the existence of a federal question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332, 1441(a).  Federal question jurisdiction requires that the cause of action in a civil matter arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  28 U.S.C. § 1332.  The district court must remand the case if, at any point prior to final judgment, the court appears to lack subject matter jurisdiction.  28 U.S.C. § 1447(c).

Once removed, the plaintiff may challenge removal by moving to remand the case back to state court. *Id.* The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Furthermore, removal jurisdiction must be strictly construed, and any doubts as to the propriety of removal must be resolved in favor of remanding the case to state court. *Id.* (citations omitted).

As a general matter, the issue of whether a federal question has been presented is determined by looking at the face of the Plaintiff's well-pleaded complaint, which is to say, whether the Plaintiff has explicitly raised a federal claim. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations omitted). An exception to the well-pleaded complaint rule is triggered when Congress has "so pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). ERISA's provision for civil enforcement of employee welfare benefit plans, 29 U.S.C. § 1132(a), is one such area where Congress has pre-empted state jurisdiction. *Davila*, 542 U.S. at 209 (citations omitted) ("the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" (quoting *Metro. Life*, 481 U.S. at 65-66)); *see* 29 U.S.C. § 1144 (pre-empting state law). The civil enforcement provision applies when a participant or beneficiary of an ERISA plan brings an action to recover benefits due or to enforce rights claimed under the terms of the plan. 29 U.S.C. § 1132(a).

Therefore, if the Plaintiffs' lawsuit challenging Anthem's decision to deny coverage to John Doe under the Plan falls within the ambit of ERISA and the civil enforcement provision at 29 U.S.C. § 1132(a), then federal question jurisdiction exists and removal was proper.

**B. Parties' Arguments**

Plaintiffs move to remand the case based on the argument that ERISA does not apply: the Anthem Health Plan has only ever insured Boyd & Boyd P.C.'s owner, James M. Boyd, his spouse, and his dependents, and therefore it does not fall within the ambit of ERISA. (Mem. Supp. Mot. to Remand at 1.) Based on the definitional language in ERISA and the Department of Labor's ("DOL's") regulatory interpretations thereof, Plaintiffs argue, the Anthem Health Plan does not qualify as an ERISA-jurisdictional employee benefit plan. (*Id.* at 5-7.) Plaintiffs' arguments center on the relevant DOL regulation, 29 C.F.R. § 2510.3-3, which seeks to clarify which "employee benefit plan[s]" are covered by ERISA and which excludes "[p]lans without employees." (*Id.* at 6 (quoting 29 C.F.R. § 2510.3-3).) Plaintiffs argue that case law from the Supreme Court and the Fourth Circuit is consistent with the notion that to be governed by ERISA, a plan must include covered employees other than the business owner. (*Id.* at 7.) Finally, Plaintiffs cite federal district court opinions from other districts for the proposition that employees who are eligible for but never receive coverage do not qualify as "participants" for the purposes of establishing ERISA applicability. (*Id.* at 9-10.)

Anthem makes three main arguments that ERISA applies. First, Anthem argues that ERISA's applicability can be gleaned from a reasonable interpretation of the face of the Application. Anthem suggests that because the Plan was identified as a "small group plan," because the application identified three employees of the law firm, and because Boyd "expressly represented" that the firm was applying for an ERISA plan, the Court should find that the plan is governed by ERISA. (Mem. Law Opp'n at 7-8.) It argues that the Boyd should not be able to receive the tax and other benefits of an ostensibly ERISA-governed plan while also denying federal jurisdiction over his dependent's claims under the Anthem Health Plan. (*Id.* at 8.) Second, Anthem argues that because Linda Peterson and Robert Boyd were eligible for coverage when the Application was submitted and the Plan was established, they are "participants" under ERISA's definition of "employee benefit plan," triggering

6

ERISA applicability. (*Id.* at 7-8.) Third, Anthem argues that Boyd and his wife are both "participants" in the Plan and it is thus covered by ERISA. (*Id.* at 9-10.) For the latter two points, Anthem relies on the Fourth Circuit's opinion in *Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444 (4th Cir. 1993). (*Id.* at 7-10.) Anthem does not substantively address the applicability of the relevant DOL regulation, 29 C.F.R. § 2510.3-3, to the question of whether the Plan is governed by ERISA.

## III. DISCUSSION

The Plaintiffs' Motion to Remand turns on the question of whether the Plan at issue is governed by ERISA. Plaintiff's Complaint raises claims solely based on Virginia law, and there is no diversity of citizenship between the parties. However, Plaintiffs' breach of contract claim clearly seeks to enforce a particular provision of the Anthem Health Plan, and thus, if ERISA applies, 29 U.S.C. § 1132(a) pre-empts Plaintiffs' state law claims and establishes federal question jurisdiction justifying removal. *See Davila*, 542 U.S. at 208-09. Ultimately, because only Boyd, his spouse, and his children enrolled in coverage under the Plan, it is not governed by ERISA, and the Court does not have jurisdiction over Plaintiffs' action.

### A. Legal Background

#### 1. ERISA

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Id.* at 208; *see also* 29 U.S.C. § 1001(b). With that purpose in mind, Congress enacted "expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Davila*, 542 U.S. at 208 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Thereunder, if a plan participant or beneficiary that sues to enforce their rights under an ERISA plan, state law is preempted and the provisions of ERISA apply, even if the suit was initially brought under state law. 29 U.S.C. §§ 1132(a), 1144; *Davila*, 542 U.S. at 208. However, as the Supreme Court noted in dicta, "Courts agree

7

that if a benefit plan covers only working owners, it is not covered by Title I [of ERISA]." *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 n. 6 (2004) (citations omitted). In this case, the central question is whether ERISA applies to a health insurance policy, the Anthem Health Plan, purchased by a law firm when the firm's owner, his spouse, and his dependents are the only individuals to receive coverage under the policy, and when two other employees were briefly eligible to enroll but declined coverage under the policy.

Whether ERISA applies to the Anthem Health Plan is a matter of statutory interpretation. Relevant here, ERISA applies to "employee welfare benefit plan[s]," which are defined by statute to encompass:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death ….

29 U.S.C. § 1002(1).[1] The Fourth Circuit has adopted the *Donovan* formulation of the statute, which clarifies that a plan meets the definition of an employee welfare benefit plan under ERISA if it is: "'(1) a "plan, fund, or program" (2) established or maintained (3) by an employer . . . (4) for the purpose of providing medical, surgical, hospital care, [or] sickness . . . benefits (5) to participants or their beneficiaries.'" *Madonia*, 11 F.3d at 446 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc)). The parties do not dispute that elements one through four are satisfied. Pursuant to the statute, the Anthem Health Plan constituted a "plan" established by Boyd & Boyd, P.C. for the purpose of providing health benefits. The central issue is whether the Plan is provided to "participants or their beneficiaries."

---

[1] "[E]mployee welfare benefit plan[s]" are a subcategory of "employee benefit plan[s]" as defined at 29 U.S.C. § 1002(3). 29 U.S.C. 1003(a) states that Subchapter I of ERISA, which includes the civil enforcement provisions of 29 U.S.C. § 1132, applies to "employee benefit plan[s]." Thus, if a plan is not a pension plan and does not meet the statutory definition of "employee welfare benefit plan," nor is it a hybrid of the two, it is not governed by Title I of ERISA.

Though ERISA defines "participant" at 29 U.S.C. § 1002(7), its definition does not aid in the determination of whether a plan is governed by ERISA, because participant is defined to encompass an "employee . . . who is or may become eligible to receive a benefit of any type from an *employee benefit plan which covers employees* . . . ." § 1002(7) (emphasis added). Because the definition of "participant" requires the existence of an "employee benefit plan which covers employees" in the first place, the definition is circular with respect to the jurisdictional inquiry: an ERISA "employee benefit plan" requires participants, but "participant" is defined to require the existence of an "employee benefit plan which covers employees." *See* §§ 1002(1), (3), (7).[2] Therefore, the statutory definition of "participant" does not aid in determining whether the Anthem Health Plan meets the definition of an "employee welfare benefit plan" covered by ERISA.

2. DOL Regulation – 29 C.F.R. § 2510.3-3

The Department of Labor promulgated 29 C.F.R. § 2510.3-3 to clarify the definition of "employee benefit plan" for purposes of determining whether a plan is subject to Title I of ERISA. 29 C.F.R. § 2510.3-3(a).[3] The regulation provides that "'employee benefit plan' shall not include any plan, fund or program . . . under which no employees are participants covered under the plan, as defined in paragraph (d) of this section." § 2510.3-3(b). Under paragraph (d), "[a]n individual is not a [covered] participant" if the individual "(A) [i]s ineligible to receive any benefit under the plan even if the contingency for which such benefit is provided should occur, and (B) [i]s not designated by the plan as a participant." § 2510.3-3(d). Paragraph (c) provides that "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse .

---

[2] This same conundrum applies to the statutory definition of "beneficiary," because a beneficiary must be "designated by a participant, or by the terms of an employee benefit plan." 29 U.S.C. § 1002(8).
[3] See *In re Watson*, 161 F.3d 593, 598-99 (9th Cir. 1998), for the conclusion that this regulation is entitled to *Chevron* deference.

. . ." § 2510.3-3(c). Therefore, under this regulation, for Title I of ERISA to apply, a plan must have employees other than the owner and the owner's spouse who are "covered under the plan" as defined by paragraph (d).

### 3. Case Law

The Fourth Circuit favorably applied this regulation to the jurisdictional question in *Madonia*, a case in which the spouse of a doctor who purchased a health policy for his small practice attempted to avoid ERISA pre-emption by arguing that (1) the policy was not covered by ERISA, and (2) the plaintiff did not have standing to sue under ERISA because she was not a "participant." 11 F.3d at 445, 448. In that case, the Fourth Circuit held that ERISA applied when the corporation "subsidized health insurance policies for several of its employees." *Id.* However, the court held, pursuant to 29 C.F.R. § 2510.3-3(b) and (c), that the doctor and his spouse did not qualify as participants for jurisdictional purposes. *Id.*

Notably, the *Madonia* opinion suggested that an "eligible" employee may be a "participant" for purposes of ERISA when it noted that two employees of the business benefitted from the plan by being "eligible" for coverage, and thus were participants under the plan. *Id.* at 448.[4] However, this language is not binding for three reasons.

---

[4] The relevant paragraph provides:

> It is true that Dr. Madonia cannot be considered a "participant" for purposes of determining the existence of an employee benefit plan. See 29 C.F.R. § 2510.3-3(c)(1). However, MNA's plan benefitted employees other than Dr. Madonia. Ms. Martin is the most obvious example. MNA paid two-thirds of her health insurance premiums for three years. Even though she voluntarily terminated her BC/BS coverage in 1991, she remained eligible to renew her insurance coverage by virtue of her employment at MNA. Ms. Anglin is also obviously a "participant" in MNA's plan. MNA helped her finance health insurance payments through an interest-free loan and a salary raise. The other two employees-Ms. Deal and Ms. Smith-benefitted from MNA's plan as well. They both became eligible for coverage under BC/BS's "Virginia Physicians and Their Staffs" group plan as a result of MNA's purchase of a group policy for Dr. Madonia. Each of MNA's four staff employees "is or may become eligible to receive a benefit of any type from an employee benefit plan." See 29 U.S.C. § 1002(7). Therefore, they have been and remain "participants" in MNA's plan.

*Madonia*, 11 F.3d at 448.

First, this portion of the holding is dicta, because the court focused primarily on the fact that one of the corporation's four employees enrolled for coverage under the plan. *Id.* Indeed, the first sentence of the opinion clarified the scope of the inquiry: "The question before us is whether a closely held corporation that subsidized health insurance policies for several of its employees has established an 'employee welfare benefit plan' under [ERISA]." *Id.* at 445.

Second, because the holding did not rely on the existence of the eligible-but-not-enrolled employees, the Fourth Circuit did not address paragraph (d) of 29 C.F.R. § 2510.3-3, which narrowly defines "participant" for jurisdictional purposes. The regulation requires either designation as a participant by the plan or eligibility to receive "a benefit subject only to occurrence of the contingency for which the benefit is provided . . . ."[5] 29 C.F.R. § 2510.3-3(d). If an individual is not enrolled in a health plan, receiving a benefit would require not one but two contingencies: (1) enrolling in the plan, and (2) some contingency occurring (such as a doctor visit) that triggers a benefit under the plan (such as reimbursement). Thus, the regulation appears to require more than mere eligibility.

Third, and crucially, the Supreme Court's more recent decision in *Yates* clarified that a plan must "cover[] one or more employees other than the business owner and his or her spouse" to establish a plan governed by ERISA. 541 U.S. at 6. *Yates* involved a business owner seeking to evade ERISA jurisdiction over a pension plan, an effort the Court rejected in part because the plan at issue covered "at least one person other than Yates or his wife . . . ." *Id.* at 6, 8. As in *Madonia*, the Court in *Yates* applied 29 C.F.R. § 2510.3-3 to address the initial question of ERISA applicability. *Id.* at 20-22. The Court explained that "[p]lans that cover only sole owners or partners and their spouses, the regulation instructs, fall outside Title I's domain." *Id.* at 21.

---

[5] The Fourth Circuit relied on the statutory definition of a participant as one who "is or may become eligible to receive a benefit of any type from an employee benefit plan." *Madonia*, 11 F.3d at 448. As discussed above, however, this definition is contingent on the existence of an "employee benefit plan" in the first place. Under the facts of *Madonia*, this could be established by the employee who was actually covered under the plan. However, because of the circularity of the statutory "participant" definition, the Department of Labor regulation provides a superior means for answering the jurisdictional question in this context.

It should be noted that the Supreme Court and the Fourth Circuit have interpreted the definition of "participant" differently based on whether it is being applied to determine the threshold question of ERISA applicability or whether it is being applied to define the rights and standing of an owner-participant under an ERISA-governed plan. *Yates*, 541 U.S. at 6, 18-22; *Madonia*, 11 F.3d at 446-450. Both *Madonia* and *Yates* held that once ERISA is determined to apply to a plan, 29 C.F.R. § 2510.3-3 does not control the definition of a "participant" for purposes of rights and standing under the policy, and an owner or owner's spouse cannot avoid federal jurisdiction by claiming not to be a "participant." *Yates*, 541 U.S. at 18-21; *Madonia*, 11 F.3d at 449-450. However, *Madonia* and *Yates* confirm that when deciding the preliminary question of ERISA applicability, courts should look to the Department of Labor's regulation on the matter, 29 C.F.R. § 2510.3-3.  *Yates*, 541 U.S. at 21; *Madonia*, 11 F.3d at 448.

**B. Application**

ERISA does not apply to the Anthem Health Plan in this case because no individuals other than the business owner, his spouse, and his dependents ever enrolled in the health plan. Looking to the statutory definition of an ERISA-jurisdictional "employee welfare benefit plan," the Plan clearly meets factors one through four of the *Donovan* formulation: it is (1) a plan (2) established and maintained (3) by Boyd & Boyd, P.C. as an employer (4) for the purpose of providing health benefits. *See* 29 U.S.C. § 1002(1); *Donovan*, 688 F.2d at 1371. Crucially, however, the fifth element is missing: the existence of participants or beneficiaries as those terms are interpreted for jurisdictional purposes.

Because the statutory definition of "participant" and "beneficiary" is unavailing with respect to the jurisdictional inquiry, courts—including the Supreme Court and the Fourth Circuit—have turned to the Department of Labor's regulation on the matter: 29 C.F.R. § 2510.3-3. That regulation provides that a plan must have "employees [that] are participants covered under the plan." § 2510.3-3(b). In subsection (c), the regulation provides that a business owner and the owner's spouse do not

count as participants for the determination of whether ERISA applies. § 2510.3-3(b). And in subsection (d), the DOL regulation provides that in order for an employee to trigger ERISA jurisdiction as a plan "participant," that employee's participation must involve the individual's designation as covered by the plan, contribution to the plan, or eligibility to receive a benefit under the plan. 29 C.F.R. § 2510.3-3(d). As the Supreme Court explained, the plan must "cover" a non-owner employee to be within the ambit of ERISA. *Yates*, 541 U.S. at 21. Merely having employees who are eligible but choose not to enroll in a plan is insufficient to confer federal jurisdiction under ERISA. *Bar-David v. Econ. Concepts, Inc.*, 48 F. Supp. 3d 759, 770-72 (D.N.J. 2014) (adopting magistrate's report and recommendation); *Teich v. United World Life Ins. Co.*, 2007 WL 1434904, at *3, *5 (D. Nev. 2007).

In this case, the Anthem Health Plan has only ever covered one person as an insured subscriber: the law firm's owner, James M. Boyd. The only other individuals to have received coverage under the plan are his wife and dependents. These individuals alone do not establish an "employee benefit plan" governed by ERISA.[6] Moreover, Linda Peterson and Robert Boyd, who were with the firm for mere months after the Application and declined to enroll in coverage under the Plan, do not confer jurisdiction through their hypothetical ability to enroll in the Plan and receive benefits. As 29 C.F.R. § 2510.3-3 clarifies, these employees must be covered under the plan for ERISA to apply.

Anthem urges the Court to apply a "reasonable" interpretation of the face of the plan application, which includes the title of "small group plan" and a representation by the law firm that it is "administrator of an Employee Welfare Benefit Plan under ERISA." Anthem points to the Fourth

---

[6] Notably, although Boyd's wife is currently an employee of the firm, she does not qualify as a "participant" under the relevant DOL regulation, because she is a "spouse" of the owner and thus "not deemed to be [an] employee[]" for jurisdictional purposes. 29 C.F.R. § 2510.3-3(c); *see Yates*, 541 U.S. at 6, 21; *Meredith v. Time Ins. Co.*, 980 F.2d 352, 358 (5th Cir. 1993).

Circuit's decision in *Custer v. Pan American Life Insurance Company* for the proposition that "[t]he existence of a plan may be determined from the surrounding circumstances to the extent that a 'reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" 12 F.3d 410, 417 (4th Cir. 1993) (quoting *Donovan*, 688 F.3d at 1373). However, to the extent Anthem encourages the Court to read *Custer* as endorsing a "reasonableness" inquiry rather than applying the statute, its invitation is declined.

The quoted language from *Custer* and *Donovan* does not countenance a reasonableness inquiry for determining whether a plan is covered by ERISA. Rather, it does just the opposite. The quoted language, when read in its full context, refers to inquiring into the existence of a "plan" as one of five elements of the statutory definition of "employee welfare benefit plan." *Id*. Plainly, while the Fourth Circuit was applying each element of the statute, it was not simultaneously replacing the statutory inquiry with a reasonableness standard. *Id*. When determining whether ERISA governs a particular plan, it is the statute, and not the intent and superficial representations of the parties, that controls. *See Neilson v. Blue Cross of Cal.*, 2010 WL 11595771, at *10 (C.D. Cal. 2010). Here, because the "plan" element of the jurisdictional inquiry is not in dispute, Anthem's focus on the "face" of the Plan does not alter the Court's analysis, which is focused on the disputed "participant" element.

Anthem suggests that it would be bad policy to allow the Plaintiffs to evade federal jurisdiction because the law firm represented itself as an ERISA administrator in its application and presumably reaped some benefits, such as favorable tax treatment, from a health plan that appeared to be covered by ERISA. But neither Anthem's nor the Court's policy preferences can override the laws enacted by Congress. ERISA provides for federal jurisdiction over "employee benefit plans," but when a plan is without employees—and only covers a business owner and the owner's spouse and dependents— ERISA does not apply. *See* 29 C.F.R. § 2510.3-3(b), (c).

Finally, federal courts are to strictly construe removal jurisdiction in favor of remand. "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citations omitted). In this case, the weight of authority casts significant doubt on the notion that the Anthem Health Plan is an employee benefit plan covered by ERISA. Therefore, with federal jurisdiction doubtful, a remand to state court is proper.

## IV. CONCLUSION

For the reasons stated above, the Motion to Remand will be GRANTED.

An appropriate Order shall issue.


Richmond, Virginia
Date: <u>December 22, 2020</u>

                                       /s/
Roderick C. Young
United States District Judge